ORIGINAL

FILED
MAY 23 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| F & F SUPPLY, INC. | * | |
| Plaintiff | * | Case No.: 1:08-cv-00214-EGB |
| v. | * | Senior Judge Eric G. Bruggink |
| THE UNITED STATES | * | |
| Defendant | * | |

*     *     *     *     *     *     *     *     *     *     *     *     *

## AMENDED COMPLAINT

NOW COMES, F & F Supply, Inc., Plaintiff, by and through its attorneys, Rosemary E. Allulis and Weinstock, Friedman & Friedman, P.A., and herein alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff's claims arise out of a dispute involving special tactical eyewear that was ordered from Plaintiff on behalf of the United States of America Department of Defense, was delivered to the United States, was accepted by the United States, has been retained by the United States, and has been used by the United States for public purposes, without just compensation to Plaintiff, a private entity.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this action, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Fifth Amendment to the United States Constitution. The amount in controversy exceeds $10,000.00.

## PARTIES

3. Plaintiff, F & F Supply, Inc. is a small, minority-owned Louisiana corporation, with its principal place of business located in west Baton Rouge Parish, Louisiana.

4. Plaintiff is engaged in the business of vendor/supplier of specialized safety equipment for sale to third parties.

5. Defendant herein is the United States of America, specifically, the Department of Defense, United States Army (hereinafter the "United States" or the "Government").

## STATEMENT OF FACTS

6. On or about September 2004, Plaintiff was contacted by Oliver Moore, III[1] (hereinafter, "Moore") on behalf of the United States of America Department of Defense for the purchase of certain tactical eyewear for the United States Army.

7. Moore identified himself to Plaintiff as an Army Material Command Representative who was at all times herein, authorized to purchase equipment on behalf of the Department of Defense.

8. At all times material to this action, Moore was a AMC CTASC REP (LAISO) 321ST TMMC, worked within a military installation, including military phone, address, email, and materials.

9. Moore requested that Plaintiff, as vendor, supply the United States with 40,000 pairs of specialized tactical eyewear.

10. Plaintiff obtained the eyewear from its supplier, Aearo Company, specifically,

---

[1] Moore pled guilty to several federal charges relating to this matter, in USA v. Moore, 07-244-FJP-DLD, United States District Court for the Middle District of Louisiana, January 16, 2008.

20,000 pairs of Aearo 13250, Eyewear Tactical clear, Product 30-13250, and 20,000 pairs of Aearo 13251, Eyewear Tactical Bronze, Product 30-13251.

11. Plaintiff purchased and paid its supplier, Aearo Company, for the complete order of 40,000 pairs of the eyewear.

12. Plaintiff then provided the eyewear to the United States as agreed, by shipping the entire order of 40,000 pairs to the United States, through its Army/Department of Defense Distribution Center, located at 2001 Misson Drive, Newcumberland, Pennsylvania 17070.

13. The United States received the eyewear and accepted it through its authorized agent at its Newcumberland Distribution Center. At no time after acceptance at the Distribution Center did the United States reject acceptance or otherwise attempt to return the eyewear to Plaintiff.

14. The United States was aware that it received the shipment from Plaintiff, and accepted and took possession of the eyewear, and then subsequently put it to its intended use overseas by distributing the eyewear to its personnel for use on behalf of the public.

15. Upon information and belief, after receiving the eyewear at the Newcumberland Distribution Center, it was shipped by the United States to Kuwait where it was and is being used by soldiers.

16. Specifically, the eyewear was shipped to SR HQ HHC ARCENT, OEF, CAMP ARIFJAN, KUWAIT, KU, where it was accepted and subsequently put it to its intended use by United States soldiers. At no time after acceptance in Kuwait did the United States reject acceptance or otherwise attempt to return the eyewear to Plaintiff.

17. Receipt of the eyewear has been acknowledged through correspondence between the parties as well as through numerous conversations with members of the Department of Defense. The Army's receipt of the eyewear was also acknowledged by the Government during the court proceedings conducted on January 16, 2008. USA v. Moore, 07-244-FJP-DLD, United States District Court for the Middle District of Louisiana.

18. Plaintiff requested payment from the United States for the eyewear, through Invoice 006648, dated April 29, 2005.

16. The invoiced amount for the Eyewear Tactical Clear, Aearo 13250, was $8.95 per unit, or $179,000.00, and the invoiced amount for the Eyewear Tactical Clear, Aearo 13251, was $9.95 per pair, or $199,000.00, for a total amount of $378,000.00.

17. Plaintiff paid its supplier in full for the eyewear.

18. Plaintiff has never been paid for the eyewear.

19. The United States has retained the eyewear and has used it.

20. None of the eyewear has been returned to Plaintiff.

21. At all times material to this action, Plaintiff has acted in good faith.

**COUNT I**

**BREACH OF CONTRACT**

**Implied-in-Fact Contract**

22. Plaintiff realleges and fully incorporates by reference, Paragraphs one through twenty-one as are set forth above.

23. The facts and circumstances more fully described above, in which the eyewear

order was provided by Plaintiff to the United States, was accepted by the United States by its authorized personnel at its Distribution Center in Newcumberland, Pennsylvania, then subsequently shipped by the United States for its use in Kuwait by its soldiers, where the eyewear was again accepted by its authorized personnel, and is being used for its intended purpose, constitutes a valid contract implied in fact between the parties. Indeed, each time the United States accepted, retained, and used the eyewear, both at the Distribution Center and in Kuwait, demonstrates the contractual agreement between the parties.

24. At all times, Plaintiff fully performed as required, including by paying for the eyewear in advance, and delivering it to the United States.

25. The conduct of the United States, in light of the surrounding circumstances, demonstrates its knowledge, acceptance, approval, retention, ratification and use of the tactical eyewear provided to it by Plaintiff, including the expectation and understanding that Plaintiff would receive payment for the eyewear, as such, a meeting of the minds existed to bind the parties in light of the surrounding circumstances and tacit understanding of the parties.

26. In material breach of contract, the United States has retained the eyewear and has used it, but has failed to pay Plaintiff.

27. As a result of the United States' breach of contract, Plaintiff has suffered significant damages, including but not limited to, payment for the eyewear in the amount of $378,000.00, and incidental and consequential damages in the amount of $75,000.00.

WHEREFORE, F & F Supply, Inc., Plaintiff, demands judgment against the United States in its favor, in the amount of Four Hundred Fifty-Three Thousand Dollars ($453,000.00),

plus interest and costs, or the immediate return of the 40,000 pairs of eyewear, specifically, 20,000 pairs of Aearo 13250, Eyewear Tactical clear, Product 30-13250, and 20,000 pairs of Aearo 13251, Eyewear Tactical Bronze, Product 30-13251.

## COUNT II

## UNLAWFUL TAKING WITHOUT JUST COMPENSATION IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

28. Plaintiff realleges and fully incorporates by reference, Paragraphs one through twenty-seven as are set forth above.

29. At all times material to this action, the conduct of the United States in accepting the eyewear at its Distribution Center in Newcumberland, subsequently shipping it to Kuwait for use by soldiers, acceptance of the eyewear in Kuwait, and then distributing it to soldiers for its intended purpose and actual use of the eyewear by the soldiers, was authorized by the United States by personnel and/or agents of the United States acting within the normal scope of their official duties.

30. Because Plaintiff paid its supplier in full for the eyewear, Plaintiff possesses all title, ownership, and right to the eyewear.

31. As such, the eyewear is the private property of the Plaintiff.

32. The United States accepted, retained, distributed, and has used the eyewear, but has never paid Plaintiff for the eyewear.

33. Despite invoice and subsequent demands for payment, there remains an outstanding amount due and owing of $378,000.00, plus incidental and consequential damages of

$75,000.00.

34. The United States has retained, and has continued to retain the eyewear despite having not paid Plaintiff for it.

35. The conduct of the United States in accepting, retaining, and using the eyewear without just compensation to Plaintiff, constitutes an unlawful taking of private property for public use in violation of the Fifth Amendment to the United States Constitution.

WHEREFORE, F & F Supply, Inc., Plaintiff, demands judgment against the United States in its favor, in the amount of Four Hundred Fifty-Three Thousand Dollars ($453,000.00), plus interest and costs, or the immediate return of the 40,000 pairs of eyewear, specifically, 20,000 pairs of Aearo 13250, Eyewear Tactical clear, Product 30-13250, and 20,000 pairs of Aearo 13251, Eyewear Tactical Bronze, Product 30-13251.

**COUNT III**

**BREACH OF CONTRACT**

**Express Contract**

36. Plaintiff realleges and fully incorporates by reference, Paragraphs one through thirty-five as are set forth above.

37. In ordering the eyewear from Plaintiff, Moore was at all times an authorized agent of the United States acting within the normal scope of his duties.

38. There exists a valid express contract between the parties, in which the United States requested, and Plaintiff provided, 40,000 pairs of tactical eyewear.

39. The United States accepted and retained the eyewear, but has not paid Plaintiff.

40. The United States' failure to pay constitutes a material breach of contract.

41. There remains an amount due and owing of $378,000.00.

42. As a result of the United States' breach of contract, Plaintiff has suffered significant damages, including but not limited to, payment for the eyewear in the amount of $378,000.00, and incidental and consequential damages in the amount of $75,000.00.

WHEREFORE, F & F Supply, Inc., Plaintiff, demands judgment against the United States in its favor, in the amount of Four Hundred Fifty-Three Thousand Dollars ($453,000.00), plus interest and costs, or the immediate return of the 40,000 pairs of eyewear, specifically, 20,000 pairs of Aearo 13250, Eyewear Tactical clear, Product 30-13250, and 20,000 pairs of Aearo 13251, Eyewear Tactical Bronze, Product 30-13251.

May 23, 2008

Respectfully submitted,

Rosemary E. Allulis, Esquire

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
410-559-9000
410-559-9009 Fax
rea@weinstocklegal.com

Attorneys for Plaintiff F & F Supply, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this 23RD day of MAY 2008, I sent via first class mail, postage prepaid, a copy of the foregoing Amended Complaint, Cover Sheet, Rule 7.1 Disclosure Statement, and Motion for Substitution of Counsel and Notice of Entry of Appearance, with Exhibit 1, to:

Tara J. Kilfoyle
United States Department of Justice
1100 L. Street, N.W.
Washington, D.C. 20005
Attorney for the United States

David M. Cohn
D. Brian Cohn
Barley P. Bourgeois
The Cohn Law Firm
10754 Linkwood Court, Suite 1
Baton Rouge, LA 70810
Prior Attorneys

Rosemary E. Allulis, Esquire

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
410-559-9000
410-559-9009 Fax
rea@weinstocklegal.com

Attorneys for Plaintiff F & F Supply, Inc.